**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INYOMAN SUPRASTA, | No. 07-74093 |
| Petitioner, | Agency No. A079-639-243 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 23, 2010[**]

Before:    LEAVY, HAWKINS, and THOMAS, Circuit Judges.

Inyoman Suprasta, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, relief under the Convention Against Torture ("CAT"), and cancellation of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992), and we deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Suprasta established extraordinary circumstances to excuse his untimely filed asylum application. *See* 8 C.F.R. § 1208.4(a)(5) (listing examples of extraordinary circumstances). We lack jurisdiction to consider Suprasta's changed circumstances contention because he did not exhaust it before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no subject-matter jurisdiction over legal claims not presented in administrative proceedings below). Accordingly, we deny the petition as to Suprasta's asylum claim.

Suprasta does not contend he suffered any harm in Indonesia. Instead, he contends he fears persecution when he returns based on the two bombings in Bali that occurred while he was in the United States. Substantial evidence supports the agency's conclusion that Suprasta failed to establish a clear probability of persecution based on these incidents. *See Hakeem v. INS*, 273 F.3d 812, 816-17 (9th Cir. 2001).

Suprasta's CAT claim fails because there is no evidence in the record that he was tortured in Indonesia or that it is more likely than not he would be tortured if

returned to Indonesia. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

Finally, we lack jurisdiction to review the BIA's discretionary determination that petitioner failed to show exceptional and extremely unusual hardship to a qualifying relative that would qualify for cancellation of removal. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**